UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO: 13-184

CHRISTOPHER JOSEPH                           SECTION: "J" (2)


## ORDER AND REASONS

Before the Court are a *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody* **(Rec. Doc. 241)** filed by Petitioner Christopher Joseph ("Petitioner") and an opposition thereto (Rec. Doc. 247) filed by the United States of America ("Government"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Petitioner's motion should **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On August 22, 2013, a federal grand jury charged Petitioner Christopher Joseph with possession of a firearm by a convicted felon. (Rec. Doc. 8.) On October 18, 2013, a grand jury returned a superseding indictment against Petitioner and five co-defendants. (Rec. Doc. 16.) The superseding indictment charged Petitioner with conspiracy to distribute five kilograms or more of cocaine hydrochloride (Count 1), distribution of 500 grams or more

of cocaine hydrochloride (Count 2), and possession of a firearm by a convicted felon (Count 4).

On July 16, 2014, Petitioner pleaded guilty to Count 1 of the superseding indictment. (Rec. Doc. 105). Pursuant to a written, signed plea agreement, Petitioner acknowledged that he understood the maximum penalties he faced. *Id.* at 1. According to the agreement, Petitioner understood that he was subject to a minimum sentence of twenty years' imprisonment and a maximum sentence of life imprisonment. *Id.* at 1. The agreement also provided that Petitioner agreed to waive any right to challenge his sentence collaterally, unless he established that the ineffective assistance of counsel "directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself." *Id.* at 3. In return, the Government stipulated that it would file a bill of information under Title 21, United States Code, section 851, alleging only one prior felony drug conviction. *Id.* at 1. Otherwise, the Government indicated that Petitioner would face a mandatory life sentence pursuant to Title 21, United States Code, sections 841(b)(1)(A) and 851. *Id.*

At Petitioner's rearraignment, the Court accepted his guilty plea conditionally "in light of the waiver of appellate rights" in the plea agreement. (Rec. Doc. 102.) The Court sentenced Petitioner on October 22, 2014. (Rec. Doc. 159.) Petitioner was represented by Jason Williams. *Id.* Mr. Williams objected to the drug offense

2

level calculation and a four-level leadership role enhancement. (Rec. Doc. 177, at 3.) The Court granted the former objection and denied the latter. *Id.* at 4. After doing so, the Court confirmed that Petitioner wished to pursue his guilty plea. *Id.* at 5. Despite the Government's indication in the plea agreement that it would file an 851 bill, it did not do so. Thus, the Court accepted Petitioner's guilty plea and sentenced him to 235 months of imprisonment, a sentence below the minimum of 240 months contained in the plea agreement. (Rec. Doc. 159.) The Court also sentenced Petitioner to a ten-year term of supervised release. *Id.*

Petitioner filed a notice of appeal on October 27, 2014. (Rec. Doc. 163.) While the appeal was pending, the parties filed a joint motion to amend Petitioner's supervised release sentence. (Rec. Doc. 216.) The Court granted the motion and scheduled Petitioner for re-sentencing. (Rec. Doc. 217.) Before the re-sentencing date, Petitioner filed a section 2255 motion. (Rec. Doc. 219.) Due to the pending appeal, the Court dismissed the motion without prejudice. (Rec. Doc. 223.)

Petitioner appeared before the Court for re-sentencing on August 26, 2015, represented by Alysson Mills. (Rec. Doc. 224.) The Court again addressed Petitioner's objections to the presentence report, granting the drug offense level calculation objection and denying the leadership enhancement objection. (Rec. Doc. 230, at 3.) Petitioner confirmed that he wished to go forward with his plea.

3

*Id.* at 5. Accordingly, the Court sentenced him to 235 months of imprisonment and five years of supervised release. (Rec. Doc. 225.)

Petitioner filed an amended notice of appeal on September 9, 2015. (Rec. Doc. 228.) On February 1, 2016, the Fifth Circuit dismissed Petitioner's appeals as frivolous. (Rec. Doc. 240.) Subsequently, Petitioner filed the instant motion, acting pro se. (Rec. Doc. 241.) The Government filed a response to the motion on May 16, 2016. (Rec. Doc. 247.)

### PARTIES' ARGUMENTS

Petitioner contends that he was denied effective assistance of counsel prior to and at the time of sentencing. First, Petitioner argues that his counsel, Jason Williams, failed to properly investigate the case. Mr. Williams announced his decision to run for public office shortly after undertaking representation of Petitioner. Further, Petitioner claims that Mr. Williams did not properly investigate the roles of Petitioner's co-defendants. According to Petitioner, co-defendants Charles Herron, Isaac Thompson, and Andrew Brown were equally deserving of four-level leadership enhancements.

Second, Petitioner contends that Mr. Williams misadvised him on the applicable sentencing guideline range. Specifically, Petitioner claims that one of Mr. Williams' associates, Nicole Burdell, told Petitioner's aunt that she had a personal relationship with the prosecutor, which would ensure that

Petitioner received a lenient sentence if he pleaded guilty. Further, Petitioner alleges that he spoke to Mr. Williams after his rearraignment, and Mr. Williams promised to oppose an 851 bill and ensure that Petitioner received a ten-year sentence. Petitioner also claims that Mr. Williams promised him that he would be confined to a prison camp rather than a federal penitentiary. Lastly, Petitioner suggests that the presiding judge was confused by the Government's failure to file an 851 bill and believed that Petitioner was subject to a 240-month mandatory minimum sentence.

In its opposition, the Government first argued that Petitioner waived all post-conviction remedies, including the right to bring a section 2255 motion in his plea agreement. The Government contends that Petitioner's waiver of his rights was both knowing and voluntary. At his rearraignment, Petitioner stated that he signed the plea agreement and understood its terms.

Second, the Government argues that Petitioner's motion also fails on the merits. The Government points out the Mr. Williams objected to the four-point leadership enhancement. The Court overruled the objection, finding sufficient evidence to suggest that Petitioner controlled and financed the drug conspiracy and directed his co-defendants to transport drugs and drug proceeds. The Government also notes that Petitioner did not withdraw his plea of guilty at his original sentencing or his re-sentencing, even after the Court denied his objection to the enhancement.

Further, the Government argues that Petitioner's plea agreement clearly stated that he faced a minimum sentence of 240 months. At his rearraignment, Petitioner also stated that no one had made any promises that induced him to plead guilty. Moreover, at his sentencing hearing, the Court informed Petitioner of the applicable guideline range of 235 to 293 months. Petitioner still decided to plead guilty. Thus, the Government argues that Petitioner cannot credibly argue that he believed he would receive a sentence of 120 months.

**LEGAL STANDARD**

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice."

*United States v. Addonizio,* 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

## DISCUSSION

First, the Government argues that Petitioner waived the right to challenge his sentence collaterally. A defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement, so long as the waiver is both knowing and voluntary. *See e.g. United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005) (holding that a "knowing and voluntary" standard applies to a waiver of appeal); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contact interpretation when construing plea agreements."); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). A defendant knowingly enters a waiver when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances—even though the defendant may not know the specific detailed consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 630 (2002). When a petition does not allege, and the record contains no indication that ratification of the plea agreement was not "voluntary" or knowledgeable, the Court will hold the defendant to the bargain that he made—the Court need not presume that the waiver was ineffective. *See Bond*, 414 F.3d at 544 (*citing McKinney*, 406 F.3d at 746); *White*, 307 F.3d at 343.

Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered

voluntarily and knowingly by requiring "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). However, a determination of whether a defendant understands the consequences of his guilty plea, including the waiver of his right to appeal, does not require a trial court to determine that the defendant has a perfect understanding of the consequences; the court must only ascertain whether the defendant has a realistic or reasonable understanding of his or her plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Furthermore, "when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal." *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994); *see Bond*, 414 F.3d at 544; *McKinney*, 406 F.3d at 746.

Even if a defendant waives his right to appeal and collaterally attack his plea and sentence, he can avoid those waivers based on ineffective assistance of counsel by showing that "the claimed

assistance directly affected the validity of that waiver or the plea itself." *White*, 307 F.3d at 343. As such, "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *Id.* Thus, when a defendant who has plead guilty and waived his post-conviction challenge and appellate rights "claims ineffective assistance of counsel, but he does not claim that the waiver in his plea agreement was unknowing or involuntary . . . [courts] will . . . hold him to his word and affirm" the validity of the waiver. *Id.* at 344.

A defendant who pleads guilty and waives his post-conviction rights must know that he had "a right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal citations omitted). As such, it is the district court's responsibility "to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right." *United States v. Gonzales*, 259 F.3d 355, 357 (5th Cir. 2001) (internal quotations omitted). However, "if a petitioner cannot establish that ineffective assistance of counsel rendered his plea unknowing or involuntary, then his waiver bars him from challenging other stages of the proceedings against him." *United States v. James*, No. 05-059, 2007 WL 2323385, *6 (E.D. La. Aug. 10, 2007).

In this case, Petitioner failed to allege with any specificity or clarity how the alleged ineffective assistance of counsel affected the knowingness or voluntariness of his post-conviction relief waiver. Petitioner claims that Mr. Williams failed to properly investigate his role in the offense and misadvised him on his expected sentence. However, Petitioner does not explain how Mr. Williams' shortcomings affected his waiver. The minute entry from Petitioner's rearraignment reveals that the Court conducted a Rule 11 inquiry to determine whether Petitioner knowingly and voluntarily waived his rights. (Rec. Doc. 102.) The Court conditionally adjudged Petitioner guilty due to the waiver of appeal rights in the plea agreement. *Id.* The transcripts from both sentencing hearings reflect that the Court informed Petitioner of his limited right to appeal. (Rec. Doc. 177, at 9; Rec. Doc. 230, at 9.) Petitioner did not object to the waiver at any point, including in the instant motion. Thus, Petitioner failed to demonstrate that Mr. Williams' ineffectiveness as counsel invalidated the waiver of post-conviction rights in his plea agreement.

Additionally, Petitioner failed to show that Mr. Williams' actions amounted to ineffective assistance of counsel. In a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Clark v. Collins*, 19 F.3d

11

959, 964 (5th Cir. 1994)). To prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, the petitioner must show that the errors made by counsel were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To satisfy the prejudice prong, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* This requires showing that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable. *Id.* at 687. If the petitioner makes an insufficient showing on either component of the ineffective assistance of counsel inquiry, it is not necessary to examine the remaining prong of the test. *Id.*

Petitioner cannot demonstrate that Mr. Williams' performance was deficient or that any deficiency prejudiced his defense. Petitioner claims that Mr. Williams' campaign for public office prevented him from adequately investigating Petitioner's role in the offense. However, Petitioner failed to introduce any evidence to support this conclusory allegation. Further, Mr. Williams

12

objected to the four-point leadership enhancement at Petitioner's sentencing. The Court overruled the objection, finding that Petitioner controlled and financed the drug conspiracy and directed others to transport drugs and drug proceeds between Louisiana and Texas. (Rec. Doc. 177, at 4.) These details also appeared in the Government's factual basis, which Petitioner signed and acknowledged at his rearraignment hearing. Thus, even if Mr. Williams failed to properly investigate the conspiracy, his failure did not prejudice Petitioner because Petitioner stipulated that these facts were true by signing the factual basis. (Rec. Doc. 106.)

Further, Petitioner failed to prove that Mr. Williams misrepresented his sentence. Petitioner can only show that Mr. Williams told him that he would face a ten-year minimum sentence if the Government decided not to file an 851 bill. (Rec. Doc. 241, at 20.) Even if Mr. Williams misadvised him, Petitioner cannot show that he suffered prejudice. Petitioner had no reason to think he would receive the minimum sentence as his plea agreement stipulated that he would face a sentence of twenty years' to life imprisonment. (Rec. Doc. 105, at 1.) Further, Petitioner knew that he faced a sentence of 235 months and that he could withdraw his guilty plea at any time. At the sentencing hearing, the Court announced the applicable guideline range, which indicated a sentence of 235 to 293 months of imprisonment. (Rec. Doc. 177, at

13

5.) After confirming that Petitioner wished to persist in pleading guilty, the Court sentenced him to 235 months, at the lower end of the guideline range. *Id.* at 5-6. Thus, Petitioner failed to carry his burden to demonstrate ineffective assistance of counsel.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody* **(Rec. Doc. 241)** is **DENIED**.

New Orleans, Louisiana this 17th day of June, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

14