```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES OF AMERICA                         CRIMINAL ACTION

VERSUS                                           NO: 13-184

CHRISTOPHER JOSEPH                               SECTION: "J" (2)

## ORDER AND REASONS

Before the Court is a *Motion for Reconsideration* **(Rec. Doc. 249)** filed by Petitioner Christopher Joseph ("Petitioner"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Petitioner's motion should **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

On August 22, 2013, a federal grand jury charged Petitioner Christopher Joseph with possession of a firearm by a convicted felon. (Rec. Doc. 8.) On October 18, 2013, a grand jury returned a superseding indictment against Petitioner and five co-defendants. (Rec. Doc. 16.) The superseding indictment charged Petitioner with conspiracy to distribute five kilograms or more of cocaine hydrochloride (Count 1), distribution of 500 grams or more of cocaine hydrochloride (Count 2), and possession of a firearm by a convicted felon (Count 4).

1

On July 16, 2014, Petitioner pleaded guilty to Count 1 of the superseding indictment. (Rec. Doc. 105). Pursuant to a written, signed plea agreement, Petitioner acknowledged that he understood the maximum penalties he faced. *Id.* at 1. According to the agreement, Petitioner understood that he was subject to a minimum sentence of twenty years' imprisonment and a maximum sentence of life imprisonment. *Id.* at 1. The agreement also provided that Petitioner agreed to waive any right to challenge his sentence collaterally, unless he established that the ineffective assistance of counsel "directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself." *Id.* at 3. In return, the Government stipulated that it would file a bill of information under Title 21, United States Code, section 851, alleging only one prior felony drug conviction. *Id.* at 1. Otherwise, the Government indicated that Petitioner would face a mandatory life sentence pursuant to Title 21, United States Code, sections 841(b)(1)(A) and 851. *Id.*

At Petitioner's rearraignment, the Court accepted his guilty plea conditionally "in light of the waiver of appellate rights" in the plea agreement. (Rec. Doc. 102.) The Court sentenced Petitioner on October 22, 2014. (Rec. Doc. 159.) Petitioner was represented by Jason Williams. *Id.* Mr. Williams objected to the drug offense level calculation and a four-level leadership role enhancement. (Rec. Doc. 177, at 3.) The Court granted the former objection and

denied the latter. *Id.* at 4. After doing so, the Court confirmed that Petitioner wished to pursue his guilty plea. *Id.* at 5. While the Government indicated in the plea agreement that it would file an 851 bill, it did not do so. Thus, the Court accepted Petitioner's guilty plea and sentenced him to 235 months of imprisonment, a sentence below the minimum of 240 months contained in the plea agreement. (Rec. Doc. 159.) The Court also sentenced Petitioner to a ten-year term of supervised release. *Id.*

Petitioner filed a notice of appeal on October 27, 2014. (Rec. Doc. 163.) While the appeal was pending, the parties filed a joint motion to amend Petitioner's supervised release sentence. (Rec. Doc. 216.) The Court granted the motion and scheduled Petitioner for re-sentencing. (Rec. Doc. 217.) Before the re-sentencing date, Petitioner filed a section 2255 motion. (Rec. Doc. 219.) Due to the pending appeal, the Court dismissed the motion without prejudice. (Rec. Doc. 223.)

Petitioner appeared before the Court for re-sentencing on August 26, 2015, represented by Alysson Mills. (Rec. Doc. 224.) The Court again addressed Petitioner's objections to the presentence report, granting the drug offense level calculation objection and denying the leadership enhancement objection. (Rec. Doc. 230, at 3.) Petitioner confirmed that he wished to go forward with his plea. *Id.* at 5. Accordingly, the Court sentenced him to

235 months of imprisonment and five years of supervised release. (Rec. Doc. 225.)

Petitioner filed an amended notice of appeal on September 9, 2015. (Rec. Doc. 228.) On February 1, 2016, the Fifth Circuit dismissed Petitioner's appeals as frivolous. (Rec. Doc. 240.) Subsequently, Petitioner filed *Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by a Person in Federal Custody* in this Court, acting pro se. (Rec. Doc. 241.) The Court denied the motion on June 17, 2016. (Rec. Doc. 248.) Petitioner subsequently filed the instant motion, seeking reconsideration of his Motion to Vacate.

## LEGAL STANDARD AND DISCUSSION

The Federal Rules do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e). FED. R. CIV. P. 59(e); *Lavespere*, 910 F.2d at 173.

4

However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). FED. R. CIV. P. 60(c); *Lavespere*, 910 F.2d at 173. In the present case, Petitioner filed his *Motion for Reconsideration* on July 13, 2016, which is within twenty-eight days of the issuance of the order on June 17, 2016. As a result, Petitioner's *Motion for Reconsideration* is treated as a motion to alter or amend under Rule 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.; see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence." *In Re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon v. La. Dep't of Health & Hosp.*, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest

error is one that "is plain and indisputable, and that amounts to a complete disregard of the controlling law") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence"); *Schiller*, 342 F.3d at 567.

In this case, Petitioner failed to establish any of the three circumstances listed above. First, he did not show an intervening change in the controlling law. Second, he did not provide the Court with any new evidence that was not previously available. Petitioner requested an evidentiary hearing but did not specify what evidence, if any, he would produce to prove his claim for ineffective assistance of counsel. Third, Petitioner did not show that the

6

Court's decision was manifestly erroneous in law or in fact. In its order denying the Motion to Vacate, the Court held that Petitioner failed to demonstrate that Mr. Williams' performance was deficient or that any deficiency prejudiced his defense. Petitioner did not show any errors of law or fact in the Court's holding. Thus, his Motion for Reconsideration is without merit.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's *Motion for Reconsideration* **(Rec. Doc. 249)** is **DENIED**.

New Orleans, Louisiana this 12th day of August, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE