UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 13-184

CHRISTOPHER JOSEPH                          SECTION: "J"

## ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 304)** filed by Defendant, Christopher Joseph. The Government filed an opposition thereto (Rec. Doc. 310), and Defendant filed a reply. (Rec. Docs. 313). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that Defendant's motion for compassionate release should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On June 16, 2014, Defendant plead guilty to conspiring to distribute and possessing with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride. (Rec. Docs. 104-06). Defendant was sentenced to 235 months of imprisonment. (Rec. Docs. 160, 225). Defendant is currently incarcerated at FCI Pollock in Louisiana, with a projected release date of April 15, 2030.

On April 23, 2021, Defendant filed a motion in this Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A), relying on the threat posed by the COVID-19 pandemic. (Rec. Doc. 304).

## LEGAL STANDARD

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

When a defendant has met the exhaustion requirement, the Court has the authority to reduce a defendant's sentence if it finds (1) that extraordinary and compelling reasons warrant a reduction under § 3582(c)(1)(A)(i); and (2) that the reduction is consistent with the applicable sentencing factors set forth in § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

## DISCUSSION

There is no dispute that Defendant has met the exhaustion requirement, thus the Court must evaluate the merits of Defendant's motion. When deciding whether to grant compassionate release, the Court must determine whether Defendant has demonstrated "extraordinary and compelling reasons" to justify the reduction of his

sentence. In *Shkambi,* the Fifth Circuit held that district courts are not bound by the limits of § 1B1.13 in determining what circumstances are extraordinary and compelling. *Id.* at 392. However, the Fifth Circuit has also held that the guideline commentary "informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied*, No. 20-7832, 2021 WL 2044647 (U.S. May 24, 2021).

The Government concedes that, if an inmate has established that he has a chronic medical condition from which he is not expected to recover and that condition constitutes a CDC risk factor that definitely elevates the inmate's risk of becoming seriously ill from COVID-19, then the inmate has shown that he suffers from a serious medical condition.[1] (Rec. Doc. 310 at p. 11). However, the Government explains that these medical conditions would only meet the standard of "extraordinary and compelling circumstances" if the inmate would have a diminished ability to provide self-care to prevent serious injury or death as a result of infection with COVID-19 within the environment of a correctional facility. (*Id.*).

Defendant alleges that he is especially vulnerable to COVID-19 because he: (1) is an African American male; (2) has a history of smoking; and (3) has a heart murmur. Despite Defendant's allegations, he has not provided the Court with his medical records to verify his history of smoking or the severity of his heart murmur.

---

[1] *Certain Medical Conditions and Risk for Severe COVID-19 Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#heart-conditions (last visited July 1, 2021).

In addition, Defendant has not alleged that his conditions affect his ability to care for himself while serving his prison sentence. Further, Defendant has not alleged that BOP is providing him with inadequate medical care.

Nevertheless, assuming all of Plaintiff's allegations are true, he has still failed to establish that he suffers from extraordinary and compelling medical conditions warranting compassionate release. Even if Plaintiff's race does increase his likelihood of suffering more severe symptoms from COVID-19, his race is not "the type of extraordinary reason this Court must consider before granting compassionate release." *United States v. Brown*, No. CR 13-243, 2020 WL 2542899, at *3 (E.D. La. May 19, 2020) (Vance, J.).

Further, although the World Health Organization has recognized that a history of smoking could lead to an increased risk of severe illness of COVID-19, their studies have not been able to "quantify the risk to smokers of hospitalization with COVID-19."[2] Thus, Defendant has not carried "his burden of showing how his smoking history renders him particularly susceptible to COVID-19." *United States v. Pierre*, No. CR 17-132, 2020 WL 7129884, at *4 (E.D. La. Dec. 4, 2020) (Morgan, J.).

Finally, Defendant's allegation that he has a heart murmur is similarly unavailing. Roughly 10% of adults have a harmless heart murmur known as an "innocent murmur."[3] Defendant's failure to provide his medical records or the

---

[2] *Smoking and COVID-19*, World Health Organization, who.int/news-room/commentaries/detail/smoking-and-covid-19/ (last visited July 1, 2021).
[3] *Heart Murmur*, Harvard Health Publishing, https://www.health.harvard.edu/a_to_z/heart-murmur-a-to-z (last visited July 1, 2021).

opinion of a medical expert prevents the Court from determining the severity of his heart murmur. Since Defendant has failed to include allegations regarding how his heart murmur affects his ability to care for himself while confined, and Defendant's heart murmur is statistically more likely to be harmless, the Court concludes that Defendant has not met his burden of showing how this condition warrants compassionate release.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Christopher Joseph's *Motion for Compassionate Release* **(Rec. Doc. 304)** is **DENIED**.

New Orleans, Louisiana, this 6th day of July, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE